IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KADEN STEPHAN KOSTI,<br><br>                Plaintiff,<br><br>v.<br><br>USA and FBI,<br><br>                Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:19-cv-00446-CW-EJF<br><br>District Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Kaden Stephan Kosti, proceeding <u>in forma pauperis</u>, initiated this case in June 2019.  On July 3, 2019, the undersigned[1] set a status conference for July 25, 2019 to give Mr. Kosti the opportunity explain the claims he attempts to assert in this case and the bases for those claims.  (ECF No. 5.)  Subsequently, the District Judge consolidated <u>Kosti v. FBI</u>, 2:19-cv-00447 into this case.  (ECF No. 6.)  The undersigned then issued a notice indicating that the July 25 status conference would address the newly consolidated case as well (ECF No. 7).  Mr. Kosti did not appear at the status conference.  (ECF No. 9.)

The undersigned reviewed Mr. Kosti's Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and finds that they fail to state a plausible claim for relief.  Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. Kosti's claims.

---

[1] On July 2, 2019, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

## **BACKGROUND**

The assigned magistrate judges in both this case and the consolidated case, Kosti v. FBI, 2:19-cv-00447, granted Mr. Kosti's requests to proceed in forma pauperis. (ECF No. 2; ECF No. 2 (2:19-cv-00447).)  The Complaint Mr. Kosti filed in this case against the "USA" is largely illegible, includes a drawing in the "Injury" section, and contains virtually no detail.  (See ECF No. 3.)  However, scattered legible phrases such as "unjust incarceration," "unjust arrest," "right to live," and "depression" appear in the Complaint, (id.), and as relief, Mr. Kosti appears to request "freedom" and "possible comp."  (Id. at 6.)

The Complaint Mr. Kosti filed in the consolidated matter against the "FBI" is completely illegible, except for the names and locations of the plaintiff and defendant, and devoid of any detail.  (ECF No. 3 (2:19-cv-00447)).  The Complaint also contains numerous squiggly lines and a question mark.  (See id.)

Mr. Kosti previously filed cases against the USA, Kosti v. USA, 2:18-cv-00956-TC, and FBI, Kosti v. FBI, 2:19-cv-00390-TC, which the assigned District Judge dismissed with prejudice.  The District Judge found the case against the USA frivolous because Mr. Kosti "appears to be asking the United States (and 'all countries') to sign a space treaty."  (ECF No. 4 at 2 (2:18-cv-00956-TC).)  The District Judge found the case against the FBI and other defendants frivolous for similar reasons, noting that among other things, Mr. Kosti "alleges failure to follow a space treaty."  (ECF No. 4 at 2 (2:19-cv-00390-TC)).  Mr. Kosti initiated this case the day after the District Judge dismissed his claims in Kosti v. FBI, 2:19-cv-00390-TC.

## **LEGAL STANDARD**

Whenever the Court authorizes party to proceed in forma pauperis, the Court must "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may "dismiss a claim based on an indisputably meritless legal theory" and dismiss "claims whose factual contentions are clearly baseless."  Id. at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In determining whether a complaint fails to state a claim for relief under § 1915, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under this standard, "'[t]he court's function . . . is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted' under Rule 8(a)(2)" of the Federal Rules of Civil Procedure.  Phillips v. Bell, 365 F. App'x 133, 137 (10th Cir. 2010) (unpublished) (quoting Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to

3

inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To avoid dismissal, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a complaint, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013). The Court need not accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall, 935 F.2d at 1110, a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff

4

still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  While a court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (acknowledging that a court should "not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

## DISCUSSION

Mr. Kosti's Complaints fall well short of satisfying Rule 8's pleading standard. The Complaints are largely illegible, contain no detail, and fail to set forth what claims he wishes to assert against the USA and FBI.  Because Mr. Kosti's Complaints fail to satisfy minimum pleading requirements, the undersigned set a July 25, 2019 status conference to give Mr. Kosti an opportunity to explain the claims he has against the USA and FBI.  Mr. Kosti, however, failed to appear at the hearing.

Further, to the extent Mr. Kosti attempts to reassert the same claims against the USA and FBI that the assigned District Judge dismissed with prejudice as frivolous in Kosti v. USA, 2:18-cv-00956-TC and Kosti v. FBI, 2:19-cv-00390-TC, such claims are also subject to dismissal on the grounds that they are frivolous and have been dismissed with prejudice previously.

Because Mr. Kosti does not state a plausible claim for relief against the USA or FBI, the undersigned RECOMMENDS that the District Judge DISMISS Mr. Kosti's claims against them.  Further, the undersigned warns Mr. Kosti that if he continues to file implausible, frivolous, and/or duplicative complaints in this District, the Court may place him on the restricted filers list.  If placed on this list, Mr. Kosti could not file his complaints without pre-screening.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court further notifies the parties that they must file any objection to this Report and Recommendation within fourteen (14) days of service.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 11th day of March, 2020.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge